### MISNOMER IN A HOMICIDE CASE.

Court of Appeals for Hamilton County.

ABRAHAM SMILE, CORRECT NAME ABRAHAM SMILEY, v.
STATE OF OHIO.[*]

Decided, July 5, 1913.

*Criminal Law—Defendant Charged with Murder Misnamed in Indictment—Motion for Arrest of Judgment—Bad Practice in Indicating Degree of Crime by a Figure—Section 13748.*

1. The misspelling of the name of the defendant in the indictment under which he was tried does not present a question which can be raised on a motion for arrest of judgment.
2. The use in a verdict in a case of homicide of a figure to designate the degree of murder of which the defendant has been convicted, while to be reprobated as bad practice, does not prejudice the defendant nor afford ground for a reversal of the judgment.

*Charles O. Rose,* for plaintiff in error.
*Thomas L. Pogue* and *Walter M. Locke,* contra.

[*]Leave to file petition in error refused by Supreme Court.

Jones, O. B., J.; Swing, J., and Jones, E. H., J., concur.

Abraham Smile was placed on trial under an indictment charging murder in the first degree in the killing of one Lucy Smile, otherwise known as Lucy McDyer, on the 21st day of June, 1912, after defendant had filed a motion to quash and a demurrer to the indictment, both of which were overruled, and had entered a plea of "not guilty" to the indictment against him as Abraham Smile, and after the jury had been impanneled and sworn and all of the evidence heard, at the request of the defendant the suggestion was made that the real name of the defendant was Abraham "Smiley," and at his request the clerk was directed to make the change accordingly in the proceedings. Defendant was found not guilty of murder in the first degree but was found guilty of murder in the second degree. No motion was filed for a new trial, but within three days after the return of the verdict the defendant filed his motion in arrest of judgment and for the discharge of the defendant. Proceedings in error are predicated upon the overruling of this motion.

Two errors are relied upon by plaintiff in error:

*First.* A failure of proof as to the name of the deceased;

*Second.* The verdict does not find defendant guilty of any offense under the laws of Ohio but amounts to a verdict of not guilty.

It is claimed that each of these errors entitled the defendant to his discharge.

1. Considerable argument is made by counsel for plaintiff in error based upon the question of the name of the plaintiff in error, claiming that the name "Smile" was essentially different from the name "Smiley." If, as is the case with the names of most foreigners the name written "S-m-i-l-e" were pronounced in two syllables, having a syllable for each vowel, it would receive the same sound as if written "S-m-i-l-e-y." The evidence shows without question the identity of the woman who was killed, and there is no question that her first name was Lucy. She was known as the wife of the defendant and had lived with him as such, which would be sufficient proof that her proper name might be Lucy Smile; and the testimony shows that she was also known as "Lucy McDyer." The case therefore does not come

within the case relied upon the plaintiff in error of *Goodlove* v. *State,* 82 O. S., 365.   In that case it should also be noted that a motion for new trial had been interposed.   Such a motion is necessary in order to review the question of evidence.   *Everett* v. *Summer,* 32 O. S., 562.

The only questions that can be raised on motion for arrest of judgment are those set forth under G. C., 13748; *Meyer* v. *State,* 4 C. C., 570; *Carper* v. *State,* 27 O. S., 572.

2.   The form of the verdict which was criticized is as follows:

"We, the jury, in issue joined find defendant Abraham Smile, right name Abraham Smiley, is not guilty of murden in the 1st degree as he stands charged in the indictment, and guilty of murder in the 2nd degree."

Objection is made by counsel to the use of the numerals in describing the degrees of the crime of murder.   If the form of this verdict was drawn by the clerk, as was stated in argument, it certainly is to be reprobated, as the words "first" and "second" should have been written out in full in any form so prepared; and we observe that the transcript of the record shows an indiscriminate use by the clerk, in making up such record, of numerals and words, which is not to be commended.   In view, however, of the provisions of Section 13581 of the General Code, that an "indictment shall not be invalid"   *   *   *   because "dates and numbers are represented by figures";   *   *   *   we think that the use of figures in the verdict as in this case can not be prejudicial to the defendant, as there is no uncertainty as to what these figures mean, the Arabic figures in combination with the letters being as clear in their meaning as the words would be if fully written out in letters alone.

Judgment below will therefore be affirmed.